IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3138 |
| vs. | |
| BOBBY GENE CLARK, JR., | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report (PSR) in this case. Clark has objected to the PSR and moved for a variance. Filings 49 and 50.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    Clark has objected to the PSR and moved for a variance. Filings 49 and 50. Clark's motion asks the Court to vary downward based upon the § 3553 factors. The Court will resolve Clark's motion at sentencing.

Clark objects to the probation officer's determination that a 4-level enhancement under U.S.S.G. § 2G2.1(b)(2)(4) is warranted. That guideline provides for an enhancement in cases involving "material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(2)(4).

The guidelines do not define the terms "sadistic," "masochistic," or "depictions of violence." However, the Eighth Circuit has concluded that the ordinary meaning of those terms mean that images involving sexual penetration of a minor are per se sadistic or violent. *United States v. Pappas*, 715 F.3d 225, 228 (8th Cir. 2013). The Eighth Circuit has further held that images of an adult attempting sexual penetration of a minor are likewise sadistic or violent. *United States v. Belflower*, 390 F.3d 560, 562 (8th Cir. 2004). The Court finds that the video in this case depicted the attempted sexual penetration of a minor; thus, the 4-level enhancement for sadism or violence is warranted. *See* PSR ¶ 23.

Clark does not dispute that his conduct amounted to attempted penetration. Instead, his argument focuses on the fact that he has also received a 2-level enhancement for an offense involving "sexual contact." PSR ¶ 33; U.S.S.G. § 2G2.1(b)(2)(A). And, Clark contends, "[t]here is no legal distinction between sexual contact and attempted sexual penetration." Filing 49 at 1. This argument is without merit. Unlike the enhancement for sadistic or violent conduct, the "sexual contact" enhancement does not require penetration, nor even attempted penetration. *See,* 18 U.S.C. § 2246(3); *Pappas*, 715 F.3d at 228–29. Thus, even though both guidelines apply to the same conduct in this case, there is no impermissible double counting. *Pappas*, 715 F.3d at 229.

      Finally, Clark argues that the holding in *Belflower*, that sadism includes attempted penetration, should not apply to his case, as *Belflower* concerned the sadism enhancement for U.S.S.G. § 2G2.2, which involves no separate enhancement for sexual contact, whereas his case falls under § 2G2.1, which does have a separate enhancement for sexual contact. But under the reasoning of *Pappas*, the substantial overlap between these two enhancements is not a sufficient reason not to apply both. In sum, Clark's argument is without merit.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 14th day of July, 2014.

                                              BY THE COURT:

                                              */s/ John M. Gerrard*
                                              John M. Gerrard
                                              United States District Judge