## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3138 |
| vs. | |
| BOBBY GENE CLARK, JR., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 94) filed by the defendant, Bobby Gene Clark, Jr. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was indicted on one count of producing child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(4)(B). Filing 1. He moved, through counsel, to suppress evidence obtained from the search of his residence, arguing that the warrant did not specify the place to be searched or what was being searched for. Filing 21; filing 22. The Magistrate Judge recommended that the motion be denied, finding that while the warrant was "perhaps awkwardly written," it nonetheless described the locations to be searched and the property to be seized. Filing 31 at 3. The Magistrate Judge also found that, even if the affidavit in support of the search warrant was deficient, law enforcement had acted in good faith reliance on the warrant, so that the resulting evidence could not be suppressed. Filing 31 at 3-4.

The defendant, through counsel, objected to the findings and recommendation, arguing that the affidavit was insufficient and that the officers' reliance on the warrant was unreasonable. Filing 32; filing 33. But after a *de novo* review, the Court agreed with the Magistrate Judge, adopted the findings and recommendation, overruled the objection, and denied the defendant's motion to suppress. Filing 35.

The defendant pled guilty to the charge of manufacturing child pornography. Filing 39; filing 41 at 24. The factual basis for the plea was that the defendant had recorded himself making genital-to-genital contact with a 7-year-old girl. Filing 41 at 13-14. The presentence report found that the base offense level should be enhanced for, among other things, committing sexual contact and producing material portraying sadistic or masochistic conduct. Filing 61 at 8. The defendant, through counsel, objected to the presentence report, disputing the finding of sadistic or masochistic conduct, and contending that enhancements for sexual contact and sadistic or masochistic conduct were, in the context of the case, impermissible double counting. Filing 49; filing 50. The Court tentatively found that the objection was without merit. Filing 54 at 2. The defendant, through counsel, objected to that finding, but the Court overruled the objection. Filing 56; filing 74 at 5-6.

The Court agreed with the presentence report that the guideline imprisonment range was the statutory maximum sentence of 360 months' imprisonment. Filing 61 at 15; filing 64 at 1. But based on "the offense, the victim, and the defendant's prior history," filing 64 at 3, the Court imposed a non-guideline sentence of 276 months' imprisonment. Filing 63 at 2; filing 74 at 17-18. The defendant, through counsel, appealed. Filing 65. The Eighth Circuit affirmed the defendant's conviction and sentence. *United States v. Clark*, 780 F.3d 896 (8th Cir. 2015).

DISCUSSION

The defendant claims that his counsel was constitutionally ineffective. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id.* Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

The defendant presents what purport to be three ineffective assistance of counsel claims. First, the defendant contends that "[c]ounsel was ineffective for not moving to supress [sic] the warrant issued out of York County Nebraska due to the fact that it was unconstitutionally vague in the specifics as to what the warrant was for or what the police were taking or even looking for[.]" Filing 94 at 4. That claim is easily disposed of: counsel *did* move to suppress evidence resulting from the warrant. Specifically, counsel filed the motion, briefed the motion, objected to the Magistrate Judge's recommendation that the motion be denied, and briefed the objection. The defendant has identified no way in which that performance was deficient.

Second, the defendant asserts that counsel was ineffective for "filing the appeal on double counting of points, and not for sentencing issues and the unconstitutional warrant as [the defendant] requested for him to file." Filing 94 at 5. But the defendant does not identify what "sentencing issues" he wanted counsel to assert, so the Court has no basis to assess whether counsel was deficient in not raising them, or whether the defendant was prejudiced by it.[1] Vague, conclusory allegations do not merit an evidentiary hearing. *See*

---

[1] To the extent that the "sentencing issues" the defendant refers to might have been error in the Sentencing Guidelines calculations, any such error would have been harmless, because

*United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995); *see also Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). The Court can say, however, that counsel was not deficient in failing to appeal the denial of the defendant's motion to suppress. The defendant does not assert that his plea was unknowing or involuntary, and a defendant who pleads guilty waives all non-jurisdictional defenses. *United States v. Arrellano*, 213 F.3d 427, 430 (8th Cir. 2000). The defendant waived his right to appeal the denial of his motion to suppress, *see id.*, so counsel did not perform deficiently by failing to raise that issue on appeal, nor was the defendant prejudiced.

The defendant's final argument is difficult to make out. The defendant asserts that

> Defense Counsel was ineffective for ignoring all requests to have Defense Counsel file, set appointments with the P.S.I. Investigator or verification of any kind. I also did not get to read, see or approve any filings of legal work by Defense Counsel and had legal mail sent to the wrong jail and due to this missed my appeal time frame on P.S.I. Appeal, showing unprofessionalism and ineffectiveness on the part of Defense Counsel[.]

Filing 94 at 7. Much of that is unclear to the Court. The defendant does not allege what he thought defense counsel should have filed, or what needed "verification." He does not allege what "legal work" he should have been permitted to review, or what would have happened differently had he been allowed to do so. Again, no evidentiary hearing is required based on such vague allegations. *See*, *Robinson*, 64 F.3d at 405; *Voytik*, 778 F.2d at 1308.

In the absence of any other explanation, the Court assumes that the "P.S.I." is the presentence investigation report and the "P.S.I. Investigator" is the probation officer who prepared the report—but the defendant does not allege what he would have told the probation officer had they met, or how it would have made a difference. Although defense counsel "declined to have the defendant participate in an interview[,]" the defendant did complete a personal history packet for the probation office. *See* filing 61 at 13. The Court is unsure what a "P.S.I. Appeal" might be, or what deadline was purportedly missed, but the defendant does not explain what issue he might have raised in such an appeal or how it might have affected his sentence.[2] And of course,

---

the sentence was based on 18 U.S.C. § 3553(a), not the Sentencing Guidelines. *See Clark*, 780 F.3d at 899.

[2] If the defendant is referring, perhaps, to his opportunity to object to the presentence report, the record reflects that objections were made to the probation office, filing 61 at 17-

the defendant had an opportunity to address the Court with any additional information he thought he required. Filing 74 at 12-14.

In sum, the defendant has identified no instances of deficient performance on the part of counsel, nor any way in which he was prejudiced. The defendant also moved for appointment of postconviction counsel. The defendant has no right to postconviction counsel unless an evidentiary hearing is ordered. *See Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010); *compare Green v. United States*, 262 F.3d 715, 716 (8th Cir. 2001). The Court acknowledges its discretion to appoint counsel, *see Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), but declines to do so where the defendant's claims are denied on the record, *see Holloway v. United States*, 960 F.2d 1348, 1359 (8th Cir. 1992).

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1.   The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 94) is denied.

2.   The defendant's motion for appointment of counsel (filing 93) is denied.

---

18, and of course to the Court as set forth above. And the record reflects that counsel reviewed the presentence report with the defendant. Filing 74 at 2.

3.      The Court will not issue a certificate of appealability in this matter.

4.      A separate judgment will be entered.

5.      The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 31st day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge